IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LESTER D. FRYE, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 07-313 |
| | ) | |
| v. | ) | District Judge Thomas M. Hardiman |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| WESTMORELAND COUNTY, | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Complaint filed in the above-captioned action be dismissed for failure to state a claim upon which relief may be granted in accordance with 28 U.S.C. § 1915(e).

### II. REPORT

Plaintiff, Lester D. Frye, Jr., a person formerly confined at the State Correctional Institution at Somerset, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Named as the sole Defendant is Westmoreland County. In his Complaint, Plaintiff sets forth a chronological narrative of events that occurred after his release from custody on January 31, 2002 up to and including his re-incarceration from February 5, 2006 until November 7, 2006. He claims that Westmoreland County intentionally neglected the law and refused him his right to bail or a hearing for 274 days and that the Pennsylvania Rules of Criminal Procedure were not followed in his case. He further claims that any changes made to his bond should have been made in accordance with the Pennsylvania Rules of Criminal Procedure and that placing a detainer on a defendant for violation of bail is not an option under the Pennsylvania Rules of Court. For the reasons that follow, the Complaint should be dismissed.

A. Standard of Review

Plaintiff is seeking to proceed *in forma pauperis* (IFP), *i.e.*, without prepayment of costs (doc. no. 1).  Section 1915(e) of Title 28 requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) Conley v. Gibson, 355 U.S. 41 (1957).  A plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim.  Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996).

B. Liability against Westmoreland County

Plaintiff asserts liability against Defendant pursuant to 42 U.S.C. § 1983.  In order to assert liability under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege:  1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

The sole Defendant in this action is Westmoreland County.  Local governing bodies are deemed to be "persons" within the meaning of section 1983 and can be sued directly under the

act for monetary, declaratory, or injunctive relief.  Monell v. Department of Social Services, 436

U.S. 658 (1978).  To establish municipal liability plaintiff must:  1) demonstrate the existence of an

unlawful policy or custom, and 2) prove that the municipal practice was the proximate cause of his

injury.  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  A municipality is liable "where the

municipality itself causes the constitutional violation at issue."  Canton v. Harris, 489 U.S. 378, 385

(1989).  The "official policy" requirement distinguishes acts of the municipality from acts of

employees of the municipality, thereby limiting liability to action for which the municipality is

actually responsible, *i.e.*, acts that the municipality has officially sanctioned or ordered.  In

Pembaur v. City of Cincinnati, 475 U.S. 469, 480 (1986), the Court clarified that "municipal liability

under § 1983 attaches where--and only where--a deliberate choice to follow a course of action is

made from among various alternatives by the official or officials responsible for establishing final

policy with respect to the subject matter in question." *Id*. at 483 (citation omitted).  Moreover, mere

identification of a policy or custom is not enough to establish municipal liability; a plaintiff also

must establish causation.  In this regard, a plaintiff carries the burden of demonstrating a "plausible

nexus" or "affirmative link" between the municipality's custom or policy and the constitutional

deprivation at issue.  Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 405

(1997) (a plaintiff must show that the municipal action was taken with the requisite degree of

culpability and must demonstrate a direct causal link between the municipal action and the

deprivation of federal rights).

　　　　As set forth above, the County cannot be liable for any constitutional deprivations

suffered by Plaintiff unless "there is a direct causal link between a municipal policy or custom and

the alleged constitutional deprivation."  City of Canton, 489 U.S. at 385.  The Supreme Court has

instructed that "policy" is made when a decisionmaker possessing final authority over the subject

matter issues an official proclamation, policy, or edict.  Pembaur, 475 U.S. at 481.  Custom can be

proven by showing that a given course of conduct, although not specifically endorsed or authorized

by law, is so well-settled and permanent as virtually to constitute law.  Monell, 436 U.S. at 690.  *See*

*also* Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).

         In the case at bar, Plaintiff has not identified any policy or custom attributable to the

County that resulted in the acts alleged in the Complaint.  In this regard, Plaintiff has not set forth

any evidence of any similar incidents that have occurred in the past, save for the one in which he

was involved, to prove some pattern of conduct that could establish a custom or policy.  It is well

settled that a single incident of unconstitutional behavior, without any direct involvement by a

municipal policy maker, is not sufficient to impose municipal liability.  Pembaur v. City of

Cincinnati, 475 U.S. 469, 479 (1986); City of Oklahoma v. Tuttle, 471 U.S. 808, 822 (1985);

Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) (plaintiff's mere assertion of

the incident at issue, plus vague assertions about the police department's failure to investigate other

wrongdoings, did not provide sufficient proof of a policy or custom to satisfy the dictates of section

1983).[1]   Thus, Plaintiff's allegations are insufficient to state a claim upon which relief may be

granted against Allegheny County.

         Moreover, it does not appear that Plaintiff has suffered a violation of his

constitutional rights.  The alleged failure to follow Pennsylvania Criminal Procedure does not, in

---

[1]    *See also* Bryan County, 520 U.S. at 409 (a single decision by municipal lawmakers can trigger municipal liability only if the decision itself is found to be unconstitutional, *i.e.*, a reasonable policymaker should have concluded that the "plainly obvious" consequence of his or her decision would be the deprivation of a third party's federally protected rights).

and of itself, constitute a violation of the federal Constitution, a pre-requisite for relief under the

Civil Rights Act. Accordingly, Plaintiff's claim against Westmoreland County should be dismissed

for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### III.. <u>CONCLUSION</u>

For the reasons set forth above, it is respectfully recommended that the Complaint

filed in the above captioned action be dismissed for failure to state a claim upon which relief may

be granted in accordance with 28 U.S.C. § 1915(e).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and

Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

objections to this report. Any party opposing the objections shall have ten (10) days from the date

of service of objections to respond thereto. Failure to timely file objections may constitute a waiver

of any appellate rights.


Dated March 15,  2007                            Lisa Pupo Lenihan
                                                 U.S. Magistrate Judge


cc:             Thomas M. Hardiman
                United States District Judge

                Lester D. Frye, Jr.
                237 Park St
                Greensburg, PA 15601


5